UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81266-CIV-MARRA/MATTHEWMAN

LOUISE ROBERTS,

Plaintiff,

vs.

AMTRUST BANK, a division of
New York Community Bank,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss Counts VIII and IX of Plaintiff's Complaint (DE 10).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On October 14, 2014, Plaintiff Louise Roberts ("Plaintiffs") filed a nine-count Complaint against Defendant Amtrust Bank ("Defendant"), alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (count one), unlawful retaliation under the ADEA (count two), gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (count three), retaliation pursuant to Title VII (count four), age discrimination in violation of the Florida Civil Rights Act ("FCRA") (count five), gender discrimination in violation of the FCRA (count six), retaliation in violation of the FCRA (count seven), intentional infliction of emotional distress (count eight) and negligent hiring, retention and training (count nine).  The underlying allegations concern employment discrimination as well as harassment and


a hostile work environment.

Defendant moves to dismiss counts eight and nine of the Complaint on the basis that the claim for intentional infliction of emotional distress fails because the facts alleged do not meet the outrageousness requirement of that tort. Defendant also moves to dismiss the claim for negligent hiring, retention and training. Defendant contends that the Complaint does not contain any allegations of negligent hiring. With respect to negligent retention and training, Defendant asserts that the facts alleged do not meet the requisite standard.

In response, Plaintiff states that the "outrageous" conduct requirement for the tort of intentional infliction of emotional distress is "currently defined beyond reason and should be modified." (Resp. at 1.) Additionally, Plaintiff states that she seeks only to bring a claim for negligent retention and training, not hiring, and that if the Court agrees that she stated a claim for intentional infliction of emotional distress, then the claim for negligent retention and hiring should be allowed to proceed.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

Under Florida law, to state a cause of action for intentional infliction of emotional distress, a complaint must allege four elements: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. Dist. Ct. App. 2007).  Whether conduct is outrageous enough to support a claim for intentional infliction of emotional distress is a question of law, not a question of fact. Id. at 595; see also Baker v. Florida Nat. Bank, 559 So. 2d 284, 287 (Fla. Dist. Ct. App. 1990) ("The issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question in the first instance for the court to decide as a matter of law.").

> Behavior claimed to constitute the intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Ponton v. Scarfone, 468 So.2d 1009, 1011 (Fla. Dist. Ct. App. 1985) (quoting

3

>Metropolitan Life Ins. v. McCarson, 467 So.2d 277, 278 (Fla. 1985)). In applying that standard, the subjective response of the person who is the target of the actor's conduct does not control the question of whether the tort of intentional infliction of emotional distress occurred. Id. Rather, the court must evaluate the conduct as objectively as is possible to determine whether it is "atrocious, and utterly intolerable in a civilized community." Id. (quoting Metropolitan, 467 So.2d at 278).

Liberty Mut., 968 So.2d at 594-95.

The conduct alleged, if true, does not meet the standard of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan, 467 So.2d at 278-79 (quoting Restatement (Second) of Torts § 46 (1965)). See e.g., Williams v. Southeast Florida Cable, Inc., 782 So.2d 988 (Fla. Dist. Ct. App. 2001) (holding trial court did not err in dismissing claim for intentional infliction of emotional distress where the alleged conduct did not rise to the level of outrageousness required under Florida law). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Scheller v. Am. Med. Int'l, Inc., 502 So.2d 1268, 1271 (Fla. Dist. Ct. App.1987) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

Generally, courts have been hesitant to allow intentional infliction of emotional distress claims that arise from abuses in the workplace. See generally Hare v. Citrus World Inc., 39 F. Supp. 2d 1365, 1369 (M.D. Fla.1999) ("precedent on the tort . . . especially within the employment context, reveals an unwillingness by Florida courts to allow a plaintiff to proceed on this theory"); Vernon v. Med. Mgmt. Assoc. of Margate, Inc., 912 F. Supp. 1549, 1558 (S.D.Fla.1996). Ordinary sexual harassment by coworkers, for instance, is generally not considered to be outrageous conduct, even when the harassment is flagrant. See Ball v.

Heilig–Meyers Furniture Co., 35 F. Supp. 2d 1371, 1375–76 (M.D. Fla.1999) (no outrageous conduct where defendant store manager rubbed genitals against plaintiff and repeatedly engaged in verbal sexual innuendo); Pucci v. USAir, 940 F. Supp. 305, 309 (M.D. Fla.1996) (placement of pornographic material and suggestive comments did not reach level of outrageousness).  But cf. Johnson v. Thigpen, 788 So.2d 410, 412 (Fla. Dist. Ct. App.2001) (verbal sexual harassment, coupled with the existence of "repeated offensive, unwelcomed physical contact," was sufficiently outrageous). Courts also regularly find that gender discrimination allegations, whether delivered by verbal insults or intimidating acts, are not egregious enough to be "outrageous." See Hercule v. Wendy's of N.E. Florida, Inc., No. 10–80248–CIV, 2010 WL 1882181, at * 3 (S.D. Fla. May 11, 2010) (granting motion to dismiss on intentional infliction of emotional distress claim when supervisor made derogatory verbal comments about the plaintiff's pregnancy and fabricated false work reports about the plaintiff); Latson v. Hartford, No. 05CV1435ORL19KRS, 2006 WL 485097, at * 4 (M.D. Fla. Feb. 28, 2006) (dismissing intentional infliction of emotional distress claim when supervisor made insensitive comments regarding pregnancy, which allegedly caused her miscarriage).

  Here, none of factual allegations in the Complaint constitute intentional infliction of emotional distress as a matter of law.  By way of example, the complained-about conduct concerns allegations that Plaintiff was held to a "higher" standard than other employees and was subjected to criticisms of her work performance and unjust evaluations.  (Compl. ¶¶ 14-23.) Given the outrageousness requirement, the Court finds that this behavior does not meet the standard.  Indeed, Plaintiff's response memorandum instead asks for the Court to disregard the Florida state law precedent and to redefine the tort to include relief for these types of allegations.

5

The Court cannot do this and instead must follow Florida state law precedent.  See West v. AT & T Co., 311 U.S. 223, 236 (1940) (". . . the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted.").  Thus, this claim is dismissed.

Finally, with respect to the negligent hiring claim, Plaintiff explains that the claim relating to hiring was a scrivener's error.  With respect the retention and training claim, she does not dispute that the failure to state a claim for intentional infliction of emotional distress is fatal to this claim.  See, e.g., Foster v. Select Med. Corp., Inc., No. 6:11–cv–1234–J–37GJK, 2012 WL 1415499, at * 9 (The underlying wrong committed by an employee in a negligent retention and training claim "must be based on an injury resulting from a tort which is recognized under common law"); Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1348 (M.D. Fla.1999) (same).  Therefore, the Court will dismiss this claim as well.

Plaintiff requests leave to amend to assert additional facts to support her claims. The Court will grant Plaintiff leave to amend, provided she can do so in good faith and in accordance with Rule 11 of the Federal Rules of Civil Procedure.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts VIII and IX of Plaintiff's Complaint (DE 10) is **GRANTED**.  Plaintiff may file an amended complaint within 14 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of December, 2014.

_____
KENNETH A. MARRA
United States District Judge